IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony – Leo: Montez, Pro Se,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Ally Financial, et al.,<br><br>　　　　　　Defendants. | No. CV-23-00753-PHX-GMS<br><br>**ORDER** |

At issue is pro se Plaintiff Anthony Leo Montez's Amended Complaint (Doc. 10) and Motion to Supplement Amended Complaint (Doc. 13).

**I.     Screening IFP Complaints Pursuant to 28 U.S.C. § 1915(e)(2)**

　　**A.  Legal Standard**

On May 25, 2023, the Court granted Plaintiff permission to proceed *in forma pauperis* (Doc. 12).  If a Plaintiff is proceeding in Forma Pauperis, the Court must review the Complaint to determine whether the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B). Furthermore, a pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it; (2) a short

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded. Fed. R. Civ. P. 8(a)(3).

While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id*. at 557.

Plaintiff's Amended Complaint alleges the basis for jurisdiction is 12 CFR § 1026.13 – Bill error resolution; 12 CFR § 1026.23 - Right of rescission;  12 CFR § 360.6 - Treatment of financial assets transferred in connection with a securitization or participation; 17 CFR §  260.11b-6 – Definition of "self-liquidating paper"; Fed. R. Evid. Rule 602 – Need for Personal Knowledge; Fed. R. Evid. 301 – Presumptions in Civil Cases Generally.

Here, Plaintiff fails to state a claim on which relief may be granted. Plaintiff's Amended Complaint requests declaratory judgement (*sic*) based on Rule 55 as well as monetary damages and other relief, including removing items from all three of the credit reporting agencies.

The Amended Complaint (Doc. 10) names Anthony – Leo: Montez, "Pro Se". However, it appears that although Plaintiff is naming himself as the sole Plaintiff, he sets forth "Bezos Investments Express Trust is the Secured, Beneficial Owner and 1st Lien

holder for the "ens legis" known as Anthony Leo Montez Estate". (*Id*. at 7).

Further, in Plaintiff's Motion to Supplement Amended Complaint, Plaintiff is seeking to attach documents that he omitted when he filed his Amended Complaint. These documents all related to a Retail Sale Installment Contract with Defendant Larry H. Miller Dodge purchasing a 2021 Ram 3500 pick-up truck. One of the attachments is a True Bill/Invoice (Doc. 13-1 at 19) naming as obligee Bezos Investments Express Trust, Authorized Representative for Anthony Leo Montez that Plaintiff created himself. Plaintiff also attached a copy of an Arizona Certificate of Title that the 2021 Dodge Ram truck's owner is Bezos Investments Express Trust. (Doc. 13-1 at 33). Plaintiff also attaches UCC Financing Statement (Doc. 13-1 at 55) that names Anthony Leo Montez as the Debtor and Bezos Investments Express Trust as the Secured Party's Name.

The vehicle purchased in the disputed contract is titled to Bezos Investments Express Trust (Doc. 13-1 at 33); the UCC-1 Financing Statement[1] reflects the Secured Party's name is Bezos Investments Express Trust (*Id.* at 55); and Plaintiff's True Bill/Invoice reflects the Obligee as Bezos Investments Express Trust, Authorized Representative for: Anthony Leo Montez (*Id*. at 19-20). A UCC -1 Statement is a legal notice filed by creditors to publicly declare their rights to potentially obtain the personal properties of debtors who default on business loans they extend. A UCC-1 is required for all business loans under the Uniform Commercial Code and establish a relative priority over which specific assets may be seized.[2]

Plaintiff has failed to attach a copy of the original Retail Sales Installment Contract referred to in the Amended Complaint's Statement of Claim. Further, Plaintiff's Amended Complaint states, "At this time, Bezos Investments Express Trust (A Foreign Trust), has a

---

[1] A UCC -1 Statement is a legal notice filed by creditors to publicly declare their rights to potentially obtain the personal properties of debtors who default on business loans they extend. A UCC-1 is required for all business loans under the Uniform Commercial Code and establish a relative priority over which specific assets may be seized. *See*, https://www.investopedia.com/terms/u/ucc-1-statement.asp

clear and equitable tittle, and is the current owner of the automobile. (Doc 10 at 5, ¶4).

As the Court's May 10, 2023 Order (Doc. 6) explained, a natural person can always appear pro per, but a trust is an entity unto itself quite separate from its owners and officers. Only licensed attorneys may represent such an entity in court. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel.") (citing *Osborn v. President of Bank* of U.S., 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc*., 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that 'corporations and other unincorporated associations must appear in court through an attorney.'") (alteration and citation omitted)*; In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney.*"); United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that a corporation's president and sole shareholder could not make an "end run around" the counsel requirement by intervening pro se rather than retaining counsel to represent the corporation) (citing 28 U.S.C. 1654).

The Court Ordered Plaintiff Bezos Investments Express Trust to retain a lawyer appropriately licensed to practice law in Arizona and admitted to practice in this District Court. (*Id*. at 2). Plaintiff instead chose to file an Amended Complaint naming himself only as a plaintiff.

If a defective claim can be cured, a plaintiff is entitled to amend the complaint before it is dismissed. *See Lopez,* 203 F.3d at 1127–30. Because it is not possible that Plaintiff could amend his Complaint as he is not a licensed attorney who may represent an entity in court, the Court will dismiss the Amended Complaint.

**IT IS ORDERED** dismissing the Amended Complaint (Doc. 10).

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion to Supplement (Doc. 13).

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter.

Dated this 29th day of November, 2023.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge